Salvador Perez MUNIZ;
et al., Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

Salvador Perez Muniz;
et al., Petitioners,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 04–74794, 05–70426.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 18, 2008.

Filed Sept. 2, 2008.

Rhoda Wilkinson Domingo, Esq., Law Offices of Rhoda W. Domingo, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioners Salvador Perez Muniz and Genoveva Noriega de Perez, natives and citizens of Mexico, petition for review of two Board of Immigration Appeals (BIA) decisions: (1) the BIA's denial of their motion to reopen, and (2) the BIA's dismissal of their appeal from the Immigration Judge's (IJ) order denying them cancellation of removal.

In prior proceedings before the IJ, Petitioners sought cancellation of removal on the basis of exceptional and extremely unusual hardship to their two U.S. citizen sons. The IJ, noting the limited evidentiary showing of the children's medical condition, denied their application.

**1.** In their motion to reopen, Petitioners claimed that they received ineffective assistance of counsel when their former counsel failed to inform them that they needed expert medical evidence to establish their children's medical condition and to demonstrate that Petitioners' removal would cause their children to suffer exceptional and extremely unusual hardship.[1] *See* 8 U.S.C. § 1362; *Lin v. Ashcroft,* 377 F.3d 1014, 1027 (9th Cir.2004).

■ In denying Petitioners' motion to reopen, the BIA abused its discretion when it improperly credited attorney Lisette Gomez's unsworn letter over Petitioners' sworn joint declaration. On a motion to reopen, the BIA may not make credibility determinations and must take the petitioner's version of the facts as true unless

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We have jurisdiction to review the denial of a motion to reopen in which an independent claim of ineffective assistance of counsel is at issue. *Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We review for abuse of discretion the BIA's denial of a motion to reopen or reconsider. *Mohammed v. Gon-*

zales, 400 F.3d 785, 791 (9th Cir.2005). While the BIA has discretion to deny a motion to reopen "even if the party moving has made out a prima facie case for relief," 8 C.F.R. § 1003.2(a), we "will reverse a denial of a motion to reopen if the denial was arbitrary, irrational, or contrary to law." *Bhasin v. Gonzales,* 423 F.3d 977, 983 (9th Cir.2005) (internal quotation marks and citations omitted).

they are inherently unbelievable. *See Bhasin v. Gonzales,* 423 F.3d 977, 986–87 (9th Cir.2005) (citing *Ghadessi v. INS,* 797 F.2d 804, 806 (9th Cir.1986) ("As motions to reopen are decided without a factual hearing, the Board is unable to make credibility determinations at this stage of the proceedings.")). Petitioners' version of the events here could not be rejected as inherently unbelievable. We therefore grant the petition and remand to the BIA for further proceedings, including remanding the motion to the IJ if necessary. *See id.* at 989.

■ 2. Petitioners also raise due process challenges to the BIA's dismissal of their appeal from the IJ's ruling denying them cancellation of removal.[2] *See* 8 U.S.C. § 1229b(b). They claim that the IJ violated their due process rights when she 1) did not specify which statutory requirements they had failed to fulfill and on what grounds she denied relief, 2) failed to consider and weigh all evidence before her when she ignored Petitioners' claim of hardship to Genoveva's legal permanent resident mother, and 3) determined that Salvador's asylum application had been withdrawn.

Because Petitioners did not raise these claims before the BIA, they have not been properly exhausted. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004). While we ordinarily have jurisdiction to consider both constitutional questions and questions of law raised in a petition for review of a discretionary decision, a petitioner's failure to exhaust such claims deprives us of jurisdiction over them. 8 U.S.C. § 1252(a)(2)(D); *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–05 (9th Cir. 2003); *Barron,* 358 F.3d at 677–78. Accordingly, we lack jurisdiction to review Petitioners' due process claims and dismiss the petition for review.

In 05–70426, the petition is **GRANTED** and **REMANDED.** In 04–74794, the petition is **DISMISSED.**

---

2. We review de novo claims of due process violations in removal proceedings. *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620 (9th Cir.2006). Where, as here, the BIA summarily affirms or "streamlines" the IJ's decision, "the IJ's decision becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft,* 389 F.3d 917, 925 (9th Cir.2004) (internal quotation marks and citations omitted); *see also* 8 C.F.R. § 1003.1(e)(4).

